ORIGINAL

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA         :

        - v. -                   :    08 Cr. 121

MAIDE MORALES JIMENEZ,           :    AFFIDAVIT IN SUPPORT OF
                                      ARREST WARRANT
              Defendant.         :

- - - - - - - - - - - - - - - - x
```

SOUTHERN DISTRICT OF NEW YORK, ss.:

      CATHERINE RICCARDS, being duly sworn, deposes and says that she is Special Counsel to the New York City Department of Investigation ("DOI"), New York City Housing Development Corporation ("HDC"), Office of the Inspector General ("OIG"), and states as follows:

      1.  On February 13, 2008, the United States Attorney's for the Southern District of New York filed a Misdemeanor Information, charging MAIDE MORALES JIMENEZ, the defendant, with theft of government funds, in violation of Title 18, United States Code, Sections 641 and 2.  The Misdemeanor Information was assigned criminal docket number 08 Cr. 121.  The purpose of this Affidavit is to establish probable cause for the issuance of a warrant for the arrest of MAIDE MORALES JIMENEZ, the defendant, for violating Title 18, United States Code, Sections 641 and 2, as charged in Misdemeanor Information 08 Cr. 121.  A true and correct copy of Misdemeanor Information 08 Cr. 121 is attached hereto as Exhibit A.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: ___FEB 1 4 2008___

2.  Upon information and belief, there is probable cause to believe that, from at least in or about June 2003, up to and including in or about July 2007, in the Southern District of New York and elsewhere, MAIDE MORALES JIMENEZ, the defendant, unlawfully, willfully and knowingly did embezzle, steal, purloin, and convert to her use and the use of another, and without authority, did sell, convey, and dispose of a record, voucher, money, and thing of value of the United States and of a department and agency thereof, namely, the United States Department of Housing and Urban Development ("HUD"), and did receive, conceal, and retain the same with intent to convert it to her use and gain, knowing it to have been embezzled, stolen, purloined, and converted, in violation of Title 18, United States Code, Sections 641 and 2. Specifically, JIMENEZ received Section 8 housing benefits from HUD, to which she was not entitled, through fraud and deceit.

3.  The sources of my information and the grounds for my belief are as follows:

4.  I am currently employed as Special Counsel to HDC OIG and have participated in the investigation of this case. This affidavit is based upon my personal knowledge, my review of documents and other evidence, and my conversations with other law enforcement officers and other people. Because this affidavit is being submitted for the limited purpose of establishing probable

cause in support of the issuance of an arrest warrant, it does not include all the facts that I have learned during the course of my investigation. Where the contents of documents and the actions and statements of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

    5. From my experience as Special Counsel to HDC OIG, I know the following details about the Section 8 Rental Assistance Program (the "Program"), administered by the HDC for HUD. Specifically, I know that:

    (a) Under the Program, low-income individuals who meet certain eligibility requirements are approved for Section 8 rental assistance payments. The payments make up the difference between what the Section 8 tenants can afford and the total rent charged by the Section 8 landlords.

    (b) HUD alone funds the Program, pursuant to Section 8 of the United States Housing Act of 1937, Title 42, United States Code, Section 1437f.

    (c) In order to receive benefits in the Program, an applicant is required to complete a form certifying his or her social security number, annual income, assets, household composition, and income of household members, among other things. Persons who are accepted into the Program are required by HUD to submit annually a form for re-

certification in order to remain in the Program. This form requires an applicant annually to re-certify, among other things, his or her social security number, annual income, assets, household composition, and income of household members.

    (d)   HUD requires that applicants provide a valid social security number in order to: (1) ensure that any Section 8 benefit applicants are United States citizens or lawful permanent residents; and (2) verify that any Section 8 benefit applicants are not receiving unreported federal benefits.

    (e)   Once a tenant is accepted into the Program, the HDC Finance Department sends the tenant's Section 8 rental assistance payments directly to the Section 8 landlord from the HDC offices in Manhattan.

    (f) Under the rules of the Program, a tenant is required to live in the qualifying Section 8 apartment in order to receive benefits, and may only live in that apartment with those individuals identified in the re-certifications filed by the Section 8 tenant.

    6.   Based on my review of documents obtained from the HDC, I know that the residence located at 35 Grafton Street, Apartment 10A, Brooklyn, NY, is a qualifying Section 8 apartment (the "Section 8 Apartment"), located in a development called

Brownsville Gardens.

 7. Based on my review of documents maintained by the HDC in connection with the Section 8 Apartment, I know the following:

 (a) In or about 1984, MAIDE MORALES JIMENEZ, the defendant, applied for residence in the Section 8 Apartment.

 (b) In her initial application for residence in the Section 8 Apartment, JIMENEZ stated that she was lawfully in the United States, that her social security number was XXX-XX-8309, and that her occupation was a hair dresser.

 (c) JIMENEZ has resided in the Section 8 Apartment since 1984, and every year she has completed an annual re-certification in which she certified, among other things, that her social security number was XXX-XX-8309.

 8. Based on my review of records maintained by the Social Security Administration, I know the following:

 (a) The social security number XX-XX-8309 was never assigned to MAIDE MORALES JIMENEZ, the defendant.

 (b) On or about February 5, 1974, the social security number XX-XX-8309 was assigned to Witness-1. Witness-1 passed away July 3, 1998, and the social security number XXX-XX-8309 has not been issued to any other individual since that time.

 (c) On or about February 27, 1989, the social

-5-

security number XXX-XX-7940 was issued to JIMENEZ, who had not previously been issued any social security number.

9. From my experience as Special Counsel to HDC OIG, I know that:

(a) If, in or about 1984, MAIDE MORALES JIMENEZ, the defendant, had not falsely stated that her social security number was XXX-XX-8309 in her initial application for the Section 8 Apartment, she would not have been accepted as a tenant because she lacked a valid social security number.

(b) If, in any year subsequent to 1984, JIMENEZ had not falsely certified on her annual certifications for the Section 8 Apartment that her social security number was XXX-XX-8309, HDC would have ceased paying Section 8 subsidy funds on JIMENEZ's behalf and she would have been forced to apply anew for any Section 8 benefits.

10. I have reviewed calculations by the HDC that document the Section 8 subsidy funds MAIDE MORALES JIMENEZ, the defendant, has received. These calculations indicate that from in or about June 2003 through in or about July, JIMENEZ received approximately $68,766.00 in Section 8 subsidies to which she was not entitled.

11. WHEREFORE, I respectfully request that a warrant be issued for the arrest of MAIDE MORALES JIMENEZ, the defendant, and that she be arrested and imprisoned or bailed, as the case may be.

_____
CATHERINE RICCARDS
SPECIAL COUNSEL
NEW YORK CITY DEPARTMENT OF
INVESTIGATION

Sworn to before me this
14th day of February, 2008.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK

GABRIEL W. GORENSTEIN
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK

-7-

**Exhibit A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA       :     MISDEMEANOR
                                     INFORMATION
          v.                   :
                                     08 CRIM 121
MAIDE MORALES JIMENEZ,         :

          Defendant.           :

- - - - - - - - - - - - - - - - - -x

## COUNT ONE

The United States Attorney charges:

From at least in or about June 2003, up to and including in or about July 2007, in the Southern District of New York and elsewhere, MAIDE MORALES JIMENEZ, the defendant, unlawfully, willfully and knowingly did embezzle, steal, purloin, and convert to her use and the use of another, and without authority, did sell, convey, and dispose of a record, voucher, money, and thing of value of the United States and of a department and agency thereof, namely, the United States Department of Housing and Urban Development ("HUD"), the value of which did not exceed $1,000, and did receive, conceal, and retain the same with intent to convert it to her use and gain, knowing it to have been embezzled, stolen, purloined, and converted, to wit, JIMENEZ received Section 8 housing benefits from HUD, to which she was not entitled, through fraud and deceit.

(Title 18, United States Code, Sections 641 and 2.)

*[signature]*
MICHAEL J. GARCIA
United States Attorney

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: FEB 13 2008